ROBERT F. HUNT, Respondent, v. CITY OF COLUMBIA, Appellant.

### Kansas City Court of Appeals, November 19, 1906.

1. **JURY: Qualifications of Jurors: Sitting in Similar Case.** The defendant city improved an alley thereby damaging several abutting lots of different owners. In a case where the sole issue was the assessment of the damages, a juror who had sat at the trial of the case of another lot owner on his *voir dire* admitted he had an opinion as to all the cases but "only as a juror in the former case" and that his opinion was "in a general way." *Held,* he was an incompetent juror since after the verdict in one case his mind must have been made up on all the elements of damages common to both cases and an opinion concerning any material fact in a controversy disqualifies.

2. ————: ————: ————: **Peremptory Challenge: Record.** Whether the fact that the disqualified juror was challenged peremptorily by the defendant should affect the result *quaere?* since the record is insufficient to present the question.

Appeal from Boone Circuit Court.—*Hon. Alex. H. Waller,* Judge.

REVERSED AND REMANDED.

*W. H. Rothwell,* City Attorney, and *Gillespy & Conley* for appellant.

*Webster Gordon* for respondent.

The trial court did not err in refusing to sustain appellant's peremptory challenge to juror Thompson.

On his *voir dire* examination he did not disclose that he had formed or expressed an opinion as to the merits or demerits of this case, and was therefore a competent juror to try the case. Besides this court will not disturb the finding of the trial court respecting the qualifications of a juror unless it is clearly against the evidence, especially as in this case when the juror challenged does not sit in the trial of the case; he was struck off of the panel of eighteen qualified jurors by respondent. Mahaney v. Railroad, 108 Mo. 199; State v. Cook, 84 Mo. 46; State ex rel. v. Bank, 80 Mo. 633; McCarty v. Railroad, 92 Mo. 536; State v. Cunningham, 100 Mo. 382; R. S. 1899, sec. 3785.

ELLISON, J.—This action is one of three which were brought by different property owners against the defendant city and several individuals for cutting the grade of an alley at the rear of plaintiff's property. Plaintiff dismissed his case as to the individuals and recovered judgment against the city.

The defendant filed an answer containing a general denial. Afterwards it filed a motion to require plaintiff to make his petition more definite and certain, which was overruled. Afterwards defendant filed its motion to be permitted to answer, or refile its former answer. This motion was overruled. Thereupon plaintiff filed his motion for judgment for want of an answer. This motion was sustained and a jury called to assess the damages. Several persons were called on the panel who had served as jurors in the other cases. As the point made in this respect is confined to one of these, we will only notice that one. The juror answered on his *voir dire* that he had sat as a juror in one of the other cases. That he had "formed an opinion as to all of these cases." That he had no opinion as to the amount of damages sustained by this plaintiff; and as to whether he was damaged at all he had an opinion "only as a juror in the

other case." On further examination he stated that he had an opinion "in a general way." But he did not know to what extent this plaintiff was damaged; and that he heard this plaintiff testify in the other cases.

The only ground to support the contention that the juror was qualified is that plaintiff's cause of action stood confessed for want of an answer and that the only matter for trial was the amount of plaintiff's damages. But the damages arose from the *same* act of the defendant that caused the damages in the other case in which he sat as a juror; an act too, in doing work upon the *same* alley. The work was the same work, in a general way, along the line of all these property owners; and, in a general way, affected them all alike. Much of the nature of the damage and its amount, which affected one, affected all. Necessarily, a juror after rendering a verdict in one case would have his mind fully made up on all the elements of damage which were common to both, and he would necessarily have prejudged in this case the amount of damage which plaintiff suffered from certain acts and consequences of acts which were made to appear in the other case. When a new trial is had of a case it is never allowable to call the same jurors who sat in the former trial. This is not wholly like such a case but manifestly it may be likened to it in many respects. In the exercise of the power of eminent domain, what is known as a condemnation jury is allowed to assess damages and benefits for, and against different property holders for an act affecting all. But that is by force of special law authorizing such proceedings. This action was for a separate wrong, so far as the defendant's liability is concerned, notwithstanding it was one act operating upon all. It involved a separate trial and called for jurors unbiased as to any element in the case which could affect the right of either party. The statute (section 3785, Revised Statutes 1899) reads

that, "No person who has formed or expressed an opinion concerning the matter or any material fact in controversy in any cause, which may influence the judgment of such person, shall be sworn as a juror in the same cause."

Plaintiff seeks to avoid the consequence of this juror's being allowed to stand as a qualified juror by the statement that he did not act as a member of the jury as finally selected, as he (plaintiff) struck him off as one of his challenges. The verdict seems to have been rendered by only nine of the panel and the name of this particular juror does not appear among them. But whether he was one of the other three does not appear. Neither does the record show that plaintiff struck his name off. Besides, the record does show that several of the jurors who rendered the verdict and whom defendant peremptorily challenged were jurors in one or more of the other cases.

The judgment is reversed and the cause is remanded. All concur.